UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANNON MYERS,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:21-867 |
| v. | : | (JUDGE MANNION) |
| **CLINTON COUNTY CORRECTIONAL FACILITY,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Pending before the court is a report which recommends that defendants' motion to dismiss plaintiff's complaint be granted in part and denied in part. (Doc. 19). Defendants have filed objections to the report and recommendation. (Doc. 20, Doc. 21). Upon review, the report and recommendation will be adopted, in part, and the matter will be remanded for further proceedings.

Plaintiff filed the instant action on June 8, 2020, in which she alleges violations of her Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff alleges in her complaint that defendants are liable for failing to take steps to prevent her suicide attempt while she was

incarcerated at the Clinton County Correctional Facility ("CCCF").[1] Defendants filed a motion to dismiss plaintiff's complaint, which is the subject of the instant report. It is recommended that the motion be granted as to plaintiff's claims against defendants CCCF, Clinton County Prison Board, Snyder, Smeltz and Conklin; plaintiff's due process and equal protection claims under the Fourteenth Amendment; and plaintiff's claims for punitive damages against Clinton County and the Warden defendants in their official capacity. It is further recommended that the motion to dismiss be denied as to plaintiff's claims for deliberate indifference under the Eighth Amendment and punitive damages as to the Warden defendants in their personal capacity. (Doc. 19). Defendants have filed objections only as to the standard applied to the Eighth Amendment claim.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*,

---

[1] The named defendants include the Clinton County Prison Board, Angela Hoover, Michael Kunes, Jason Kormanic, CCCF, Clinton County, Jeff Snyder, Pete Smeltz and Paul Conklin. However, upon the filing of defendants' motion, plaintiff agreed that defendants CCCF, Clinton County Prison Board, Snyder, Smeltz and Conklin should be dismissed from the action. Therefore, the court will direct that these defendants be dismissed.

the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Defendants' only objection to the report is with respect to the standard applied in denying their motion to dismiss plaintiff's Eighth Amendment claim. The report has been reviewed in all other respects and the court finds no clear error on the face of the record. Therefore, the court will adopt the report to the extent that it recommends that defendants' motion to dismiss

be granted as to plaintiff's claims against defendants CCCF, Clinton County Prison Board, Snyder, Smeltz and Conklin; plaintiff's due process and equal protection claims under the Fourteenth Amendment; and plaintiff's claims for punitive damages against Clinton County and the Warden defendants in their official capacity.

As to plaintiff's Eighth Amendment claim, defendants argued in their motion to dismiss that the specific standard for suicide cases set forth in Colburn v. Upper Darby Township, 946 F.2d 1017 (3d Cir. 1991) ("Colburn II") should apply.[2] Plaintiff argued, on the other hand, that the more generalized deliberate indifference to serious medical needs standard should apply because her actions did not actually result in death. Relying on Hayes v. Gilmore, 802 F.App'x 84 (3d Cir. 2020), the magistrate judge agreed with plaintiff and applied the more generalized deliberate indifference standard. After evaluating plaintiff's claim under this standard, it was recommended that the motion to dismiss be denied on the Eighth Amendment claim.

---

[2] In Colburn II, the Third Circuit recognized that a "particular vulnerability to suicide" is a serious medical need and that, in a prisoner suicide case, the plaintiff must establish: "(1) the detainee had a 'particular vulnerability to suicide,' (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers 'acted with reckless indifference' to the detainee's particular vulnerability." Colburn, 946 F.2d at 1023.

In their objections, defendants point out that, although Hayes also involved claims by a prisoner relating to suicide attempts that did not result in death and the generalized deliberate indifference standard was used, the appropriate standard to be applied was not an issue raised in either the Western District court or the Third Circuit on appeal and was therefore not considered.

Moreover, defendants point out that, prior to Hayes, the Third Circuit applied the Colburn II standard in cases where suicide attempts did not result in death. Most notably, in Hinton v. Mark, also an inmate case involving a failed suicide attempt, the magistrate judge recommended dismissal of the plaintiff's complaint applying the generalized deliberate indifference standard. 2011 WL 13123885 (W.D.Pa. June 27, 2011), *report and recommendation adopted,* 2012 WL 12877736 (W.D.Pa. Mar. 20, 2012). The plaintiff appealed. On appeal, the Third Circuit specifically took note that the magistrate judge failed to consider the Colburn II elements apparently evidencing its intention to apply those elements even where the suicide attempt was unsuccessful. 544 F.App'x 75, 77 (3d Cir. 2013). Other Third Circuit opinions have applied the Colburn II standard in cases where suicide attempts did not result in death. See e.g., Vargo ex rel. Vargo v. Plum Borough, 376 F.App'x 212 (3d Cir. 2010); Serafin v. City of Johnstown, 53

F.App'x 211 (3d Cir. 2002); Joines v. Twp. Of Ridley, 229 F.App'x 161 (3d Cir. 2007). Courts in the Middle District have followed the Third Circuit in applying Colburn II in cases where suicide attempts did not result in death. See e.g., Brown v. Monsalud, 2021 WL 4502238 (M.D.Pa., Sept. 30, 2021); Coit v. Luther, 2020 WL 4260765 (M.D.Pa., July 24, 2020).

As pointed out by defendants, the intention of the Third Circuit to utilize the Colburn II standard in cases of unsuccessful, as well as successful, suicides is reflected in the Third Circuit Model Instructions. Model Instruction 4.11.2, Failure to Protect from Suicidal Action, lists the three Colburn II factors. The Comment thereto provides, in relevant part, that "[a] Section 1983 claim arising from a prisoner's suicide **(or attempted suicide)** falls within the general category of claims concerning the denial of medical care." *Comment to Third Circuit Model Jury Instruction 4.11.2, rev. 2020* (emphasis added). Although not binding, the jury instructions are indicative of the Circuit's intent to apply the Colburn II standard in cases, such as the one at hand, where the suicide attempt is unsuccessful.

In light of the foregoing, defendants' objections to the report will be sustained as to the standard applied in evaluating plaintiff's Eighth Amendment claim. The matter will be remanded for consideration of

plaintiff's Eighth Amendment claim under the appropriate <u>Colburn II</u> standard. An appropriate order shall issue.

<u>S/ Malachy E. Mannion</u><br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**DATE: March 11, 2022**
21-867-01